No. 252
STATE, ex v. BUCHER, et al.
Ohio Appeals, 9th Dist., Wayne Co.
No. 790. Decided Dec. 9, 1924.

107. ASSIGNMENTS FOR BENEFIT OF CREDITORS—Exemption claims are properly adjudicated by probate court in assignments for creditors.

1027. RES ADJUDICATA—All adjudications in probate are res adjudicata.

489. EXEMPTIONS—Claim for exemption in lieu of homestead property made by debtor on assignment for creditors.

FUNK, P. J.

Epitomized Opinion
Published only in Ohio Law Abstract

This was a suit for a writ of mandamus commenced in the court of appeals for Wayne county by Yockey to compel the sheriff to set off to him certain chattel property as exempt under the exemption laws of the state in lieu of a homestead. In 1924 one Rush obtained two judgments against plaintiff and his wife upon two promissory notes given as a part of the purchase price of certain chattel property. Shortly thereafter Yockey made a deed of assignment for the benefit of his creditors reserving his exemptions. The inventory, after setting off certain property as exempt, appraised certain other personal property at $207 which was selected by Yockey in lieu of his homestead. Shortly thereafter this property was seized by the sheriff whereupon this suit was instituted. In refusing the writ, the court held:

1. The probate court has full jurisdiction to adjudicate all questions of exemptions in matters of assignment.

2. When the appaisers inventoried the property in question, as assets of the assignee, and made the statement on said schedule they did concerning said property being under levy by the sheriff, plaintiff had the right to make application under 11112 G. C. to require the appraisers to set off said property to him as exempt.

3. Where a party was present and a party to the proceedings in one court, he cannot later raise the same question by another form of action in another court for the former adjudiciation is res adjudicata.

Attorneys—L. D. Cornell for Yockey; Weygandt & Ross, for Bucher, et al; all of Wooster.

No. 253
DAVIS v. WEBBER

Ohio Appeals, 7th Dist., Mahoning Co.
Decided Dec. 17, 1924.

991. RAILROADS—

1. Operation of moving intra-state cars held not interstate commerce.

2. Injured employe held engaged in interstate commerce where merely moving intrastate cars as separate operation.

3. When there is no evidence that railroad knew that obstructions had been placed along its tracks, or had a reasonable opportunity of knowing railroad held not liable.

FARR, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Webber brought an action against the Director General of Railroads to recover for personal injuries. A yard switchman was injured, while riding on the front footboard of his switch engine and going in on the house track. A board sticking out from underneath the freight platform caught his right limb between the plank and the front of the engine, from which he sustained serious injury. The evidence was in conflict as to how the plank got there, but there was some testimony indicating that it had been placed there by some boys. At the time of the accident the plaintiff was assisting in the removal of three cars which were to be moved only a short distance. The jury returned a verdict for the plaintiff in the sum of 20,000. Court of appeals reversing judgment, held:

1. A man engaged in moving intra-state cars preliminary to receiving interstate cars is not engaged in interstate commerce.

2. As the switchman moved the cars for the purpose of an intra-state movement at the moment of the accident the crew was engaged in intra-state commerce.

3. As there was no evidence tending to show that railroad or anyone in its employ had the plank at the platform or used it, or placerd it where it did the injury or that a sufficient length of time elapsed to charge the Director General with notice, under the circumstances the finding of the jury as to the placing of the plank was manifestly against the weight of the evidence.

Attorneys—Harrington, DeFord, Huxley & Smith, for Davis; John Ruffalo and C. J. Wall, for Webber; all of Youngstown.